# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| THEODORE E. GARDNER, JR, | ) | |
| | ) | Case Nos. 1:06-cr-13; 1:17-cv-9 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 34.) He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague. (*Id.*) The United States responded in opposition on February 3, 2017. (Doc. 36.) Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, Petitioner's successive § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

Law enforcement officers found a handgun in Petitioner's vehicle during the course of a traffic stop for drunk driving. (Presentence Investigation Report (PSR) ¶¶ 4–5.) He subsequently pled guilty to possessing that firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (*Id.* ¶¶ 1–2.) Based on nineteen prior Florida convictions—three for robbery (*Id.* ¶¶ 27, 30, 32), four for armed robbery (*Id.* ¶¶ 28, 31), three for aggravated assault (*Id.* ¶¶ 29, 31,

32), two for kidnapping (*Id.* ¶¶ 27, 32), six for burglary (*Id.* ¶¶ 25, 27, 28, 30, 31, 32), and one for attempted burglary (*Id.* ¶ 29), the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year statutory minimum. In accordance with that designation, the Court sentenced Petitioner to 200 months' imprisonment. (Doc. 15.) He appealed, but the Sixth Circuit affirmed his conviction and sentence on March 7, 2008. (Doc. 21.) He did not seek a writ of certiorari.

On June 4, 2010, Petitioner filed a motion to vacate, set aside, or correct his sentence. (Doc. 24.) This court denied that motion in a Memorandum Opinion and Judgment Order entered on April 16, 2012. (Docs. 25, 26.) The Supreme Court issued the *Johnson* decision on June 26, 2015, and Petitioner requested leave to file a successive petition based on that decision. On January 10, 2017, this Court received the instant challenge to Petitioner's ACCA designation in light of the *Johnson* decision. (Doc. 34.) The Sixth Circuit has authorized the filing. (Doc. 33.)

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III.    ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). For purposes of § 924(e)(B)(2)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Only the residual clause was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a prior serious drug offense as an independent form of ACCA predicate conviction. *See*, *e.g., United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept.

20, 2015) (noting that *Johnson* does not affect categorization as an armed career criminal based on prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that at least seven of his prior convictions remain violent felonies independent of the now-defunct residual provision.[1] Specifically, all of his strong arm and armed robbery convictions qualify as predicates under the use-of-physical-force clause.

For purposes of § 924(e)(2)(B)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Any level of force is sufficient so long as it is capable of causing any injury, "regardless of [the injury's] gravity or duration." *United States v. Evans*, 699 F.3d

---

[1] Petitioner does not contest the accuracy of the information contained in his presentence report, but only the propriety of the Court's decision to use the offenses listed as grounds for ACCA enhancement.

858, 863 (6th Cir. 2012). The Court must look to the "minimum conduct criminalized" to determine whether Florida robbery categorically involves force sufficient to satisfy the use-of-physical-force clause. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).

At the time that Petitioner committed the offenses, Florida defined strong arm robbery as "the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to enter permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear," Fla. Stat. § 812.13(1), and armed robbery as commission of the same offense while carrying "a firearm or other deadly weapon," Fla. Stat. § 812.13(2). Because Florida law requires that the money or property taken be in the possession or custody— defined as "sufficiently under the victim's control so that the victim could have prevented the taking if she had not been subjected to violence or intimidation by the robbery," *Jones v. State*, 652 So. 2d 346, 350 (Fla. 1995); *see also Magnotti v. State*, 842 So. 2d 963, 965 (Fla. 4th Dist. App. 2003) ("[T]he fear contemplated by the statute is the fear of death or great bodily harm.")— of the person robbed, violations of Florida Statute § 812.13 invariably involve at minimum a threatened use of violent force, i.e., force capable of causing physical pain or injury. *See United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016) (holding that Florida robbery categorically qualifies as an ACCA predicate under the use-of-force clause); *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (holding that Florida robbery qualifies as a crime of violence under the Guidelines use-of-physical-force clause); *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006) (concluding "without difficulty" that Florida armed robbery categorically qualifies as an ACCA predicate under the use-of-force-clause); *Hunter v. United States*, No.

5

3:16-cv-396-RLJ, 2016 WL 7156536, at *4 (E.D. Tenn. Dec. 7, 2016) (finding that Florida robbery categorically involves violent force).[2]

Because at least three of his convictions remain violent felonies, Petitioner is not entitled to relief.

**IV. CONCLUSION**

For the reasons discussed above, Petitioner's successive § 2255 motion (Doc. 34) will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court recognizes that Florida robbery by sudden snatching, Fla. Stat. § 812.131, only qualified as a violent felony under the ACCA residual clause. *United States v. Jackson*, No. 2:14-cr-48-RLJ, 2015 WL 128129, at *1 (E.D. Tenn. Jan. 8, 2015). However, this fact is inapposite to the instant case because unlike violations of § 812.131, violations of § 812.13 require "more force than a sudden snatching." *United States v. Jenkins*, No. 15-14809, 2016 WL 3101281, at *5–6 (11th Cir. June 2, 2016) (citing *Robinson v. State*, 692 So.2d 883 (Fla. 1997)).